## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TRAVIS GALMON**                                              **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, ET AL.**                              **NO. 15-260-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 9, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

**TRAVIS GALMON**                                              **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, ET AL.**                                   **NO. 15-260-SDD-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The State has filed an opposition to the petitioner's application, and the petitioner has filed a response.  *See* R. Docs. 5 and 6.  There is no need for oral argument or for an evidentiary hearing.

On or about April 22, 2015, the *pro se* petitioner, an inmate now confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and sentence, entered in 2008 in the 20th Judicial District Court for the Parish of East Feliciana, State of Louisiana, on two counts of attempted manslaughter.

### Procedural History

In February of 2008, the petitioner was found guilty of two counts of attempted manslaughter, and on July 8, 2008 was sentenced to serve 15 years on each count, with the sentences to run consecutive to each other and any other sentence.  The petitioner thereafter filed an appeal, and on May 8, 2009 his conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal.  *See State v. Galmon,* 08-2403 (La. App. 1 Cir. 5/8/09), 2009 WL 1271856.  The petitioner did not file an application for supervisory writs with the Louisiana Supreme Court.

On or about May 7, 2010, the petitioner filed his first application for post-conviction relief ("PCR"), which was denied by the trial court on May 5, 2011.  The petitioner did not seek writs with the appellate courts.

On or about July 15, 2013, the petitioner filed a Motion for Concurrent Sentence which was denied by the trial court on July 22, 2013.  On or about February 12, 2014, the petitioner filed a Motion to Correct, Vacate, or Set Aside an Illegal Sentence.  The trial court denied the Motion on February 14, 2014.  The petition thereafter sought review in the appellate courts which was denied on June 2, 2014 and April 2, 2015, respectively.  *See State ex rel. Galmon v. State,* 14-1335 (La. 4/2/15), 163 So.3d 790.  On or about April 22, 2015, the petitioner filed the present application.

### Applicable Law and Analysis

Based upon the foregoing, this Court concludes, *sua sponte*, that the petitioner's application is untimely.  In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody.  This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.  28 U.S.C. § 2244(d)(2).  However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period.  To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration.  *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner's conviction became final by operation of law on June 8, 2009, thirty (30) days after the May 8, 2009 decision of the Louisiana First Circuit Court of Appeal on direct appeal.  Specifically, the conviction became final when the petitioner failed to timely seek further review by filing an application for supervisory review in the Louisiana Supreme Court within thirty days.  *See* Louisiana Supreme Court Rule X, § 5(a).  Accordingly, inasmuch as the petitioner's direct appeal proceedings were concluded on June 8, 2009, the one-year limitations period for filing a federal habeas corpus application began to run on that date.  Three hundred and thirty-three days (333) passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court on May 5, 2011.  Following the denial of the PCR application, which became final on June 4, 2011,[1] another seven hundred and seventy-two days (772) passed before the petitioner filed any additional motions in the state court.  Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss the same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled to equitable tolling.  The record does not reflect that there is any basis for equitable tolling in this case.  In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."  *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000).  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).  "A petitioner's failure to satisfy

---

[1] The petitioner did not seek further review of the denial; therefore, the decision became final thirty days after the trial court denied the application.

the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D.Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The petitioner has not shown that he acted diligently in pursuing his post-conviction relief proceedings in the state courts. Just short of a year elapsed between the time the petitioner's conviction became final and the filing of his PCR application. Then over two years elapsed between the denial of his PCR application and the petitioner's next filing in the state court. Such extended periods of inactivity cannot be considered reasonable diligence. As such, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application. Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 9, 2018.

 

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**